UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-131 |
| ALFRED COBBINS | SECTION "N" (5) |

### ORDER AND REASONS

The defendant, Alfred Cobbins, has filed a motion for free copies of his sentencing transcript and docket sheet as an indigent in need thereof. (Rec. Doc. No. 723). An indigent defendant has both a constitutional and a statutory right to a free transcript under certain circumstances. *See United States v. Pulido*, 879 F.2d 1255, 1256 (5th Cir. 1989) (citing *Britt v. North Carolina,* 404 U.S. 226 (1971)); *Fisher v. Hargett*, 997 F.2d 1095 (5th Cir. 1993); and *see* 18 U.S.C. §3006A(e)(1). This right turns on the defendant's ability to establish (1) his indigency, (2) a particular need for the transcript (3) in connection with a subsequent proceeding, and (4) that no alternative device or means of support would suffice*. See Britt*, 404 U.S. at 227.

In the instant motion, the defendant has failed to provide the court with documentation to establish his indigency. Instead, the defendant offers only the allegation that he is unable to pay the cost of the desired transcript and docket sheet. Until such time as he can establish this status, his request must be denied.

In addition, the defendant has failed to establish any particularized need for the transcript,

in particular. Specifically, the defendant has failed to set forth (1) the particular grounds for any post-conviction relief which he intends to seek in the future, or (2) how the requested transcript will support those grounds for relief. Because of this, the Court us unable to determine whether an alternative source exists to satisfy his needs. Transcript copies are not to be freely provided to support "fishing expeditions" to seek out possible errors in the proceedings. *United States v. Watson*, 61 Fed. Appx. 919, 2003 WL 1109766 (5th Cir. Feb. 19, 2003) (citing *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982)).

Accordingly, **IT IS ORDERED** that:

(1) The defendant provide the Court on or before Wednesday, August 9, 2017, with a completed pauper application, certified by the prison, detailing his present financial status. The Clerk of Court is **DIRECTED** to forward a pauper application to the defendant along with a copy of this Order.

(2) The defendant provide the Court on or before Wednesday, August 9, 2017, with a more detailed summary of the grounds for relief he plans to assert in a post-conviction proceeding, and how the requested transcript and docket sheet is relevant to that proceeding.

(3) **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE DENIAL OF THE MOTION**.

New Orleans, Louisiana, this 7th day of July 2017.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE